# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:16cr38-RH-MAF
 4:18cv244-RH-MAF

JOHN FLECK,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY

    The defendant John Fleck pled guilty and received a 120-month sentence despite a guideline range of 324 to 405 months. He has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction, asserting, despite this favorable result, that his attorney rendered ineffective assistance. Mr. Fleck says he would have followed a different course had his attorney performed properly. Had Mr. Fleck followed the different course, he might be serving a guideline sentence—a sentence of 324 months or longer. And he would almost surely be serving a sentence much longer the current sentence of 120 months.

    The § 2255 motion is before the court on the magistrate judge's report and recommendation, ECF No. 310. No objections have been filed. This order accepts

the report and recommendation, adopts it as the court's opinion (substituting the statement above about the likely sentence had Mr. Fleck followed a different course), and denies the § 2255 motion. This order directs the clerk to seal the report and recommendation because it includes information that should not be made public.

One other point warrants mention. Mr. Fleck says his attorney should have negotiated an agreement for a lower sentence. The unwavering practice of the government in this district was then, and still is, not to negotiate a sentence. Mr. Fleck has not proffered, and could not honestly proffer, information suggesting the government would have entered into any such agreement.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The report and recommendation, ECF No. 310, is accepted.

2. The defendant's motion for relief under 28 U.S.C. § 2255, ECF No. 289, is denied.

3. The clerk must enter judgment.

4. A certificate of appealability is denied.

5. The clerk must maintain ECF No. 310 under seal.

SO ORDERED on February 1, 2021.

                                              s/Robert L. Hinkle  
                                              United States District Judge